[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kenneth Wharff, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
In 1991, Wharff entered guilty pleas to and was convicted of one count each of rape and gross sexual imposition. In May 2000, he was again brought before the trial court for a hearing and adjudicated a sexual predator.
In his sole assignment of error, Wharff argues that the sexual-predator adjudication was based upon insufficient evidence. This assignment of error is not well taken.
In a sexual-predator proceeding, the prosecution is required to prove by clear and convincing evidence that the defendant is "likely to engage in the future in one or more sexually oriented offenses."[1] With respect to the determination of whether an individual is a sexual predator, R.C. 2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:"
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
In the case at bar, we hold that the trial court was presented with sufficient evidence to adjudicate Wharff a sexual predator. The facts underlying Wharf's 1991 conviction were that he had fondled and engaged in vaginal intercourse with his nine-year-old stepdaughter. The state introduced into evidence the presentence-investigation report and a report from the Ohio Department of Rehabilitation and Correction. According to those reports, Wharff had engaged in a pattern of abuse and violence in addition to the actions that led to his convictions. Wharff's conduct included repeatedly masturbating in front of his stepdaughter and inserting instruments into her anus. Wharff further admitted that he had begun having sexual intercourse with his stepdaughter when she was eight years old. Wharff's mental instability ultimately led to his admission to the Christ Hospital psychiatric unit.
Although Wharff argued before the trial court that he had completed available rehabilitative programs while in prison, that assertion was not supported by the report of the Department of Rehabilitation and Correction, in which the department recommended that Wharff be adjudicated a sexual predator. And while Wharff's criminal record revealed no other serious convictions, the evidence nonetheless supported the trial court's conclusion that Wharff is likely to commit sexually-oriented offenses in the future. We accordingly overrule Wharff's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ______________________ Hildebrandt, P.J.
Doan and Winkler, JJ.
[1] R.C. 2950.01(E); State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.